# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

**KERRY MCKENZIE,**

    **Plaintiff,**

v.

**BUNZEL'S MEAT MARKET, LLC**

   and

**LAWRENCE J. BUNZEL,**

    **Defendants.**

CASE NO. 20-CV-1758

JURY TRIAL DEMANDED

## COMPLAINT

## PRELIMINARY STATEMENT

1. Kerry McKenzie brings this action for unpaid overtime wages pursuant to the FLSA and Wisconsin law against Defendants Bunzel's Meat Market, LLC and Lawrence J. Bunzel (collectively "Defendants"). At times since November 24, 2017, Defendants have had suffered or permitted Plaintiff McKenzie to work in excess for forty hours in a workweek while failing to pay her overtime wages as required by the FLSA and Wisconsin law.

2. Plaintiff McKenzie brings this action, pursuant to the FLSA, for the purpose of obtaining relief including unpaid overtime compensation, liquidated damages, costs, attorneys' fees, pre-judgment and post-judgment interest, and/or any such other relief the Court may deem appropriate. Plaintiff McKenzie also

brings this action pursuant to FED. R. CIV. P. 23 for purposes of obtaining relief under Wisconsin's wage and hour laws for unpaid overtime compensation, civil penalties, costs, attorneys' fees, pre-judgment and post-judgment interest, and/or any such other relief the Court may deem appropriate.

## JURISDICTION AND VENUE

3. This Court has original jurisdiction to hear this complaint and to adjudicate the claims stated herein under 28 U.S.C. §1331, this action being brought under the FLSA, 29 U.S.C. §201, *et seq*.

4. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper pursuant to 28 U.S.C. §1391(b) and (c) in the U.S. District Court for the Eastern District of Wisconsin because a substantial part of the events or omissions giving rise to the claim occurred within the district and Defendants have substantial and systematic contacts in this district, including operating a facility in Milwaukee, Wisconsin.

## PARTIES

6. Defendant Bunzel's Meat Market, LLC ("Bunzel's Market") is a domestic Limited Liability Company with a principal place of business located in Milwaukee, Wisconsin. Bunzel's Market's registered agent for service of legal

process in the State of Wisconsin is Lawrence J. Bunzel located in Milwaukee, Wisconsin.

7. Defendant Lawrence J. Bunzel ("Mr. Bunzel") is an adult resident of the State of Wisconsin residing in Milwaukee County. Mr. Bunzel has been a principal of Bunzel's with operational control over all aspects of its business – including human resources and payroll practices – at times since November 24, 2017.

8. Plaintiff Kerry McKenzie is an adult resident of the State of Wisconsin residing in Milwaukee County. Plaintiff McKenzie formerly worked as an employee in the catering department for Defendants between approximately November 2005 and March 7, 2020.

## GENERAL ALLEGATIONS

9. At all times since November 24, 2017, Bunzel's Market has operated a market in Milwaukee, Wisconsin offering an expansive array of meats, homemade specialty sausages and beef jerky as well as extensive catering options.

10. At times since November 24, 2017, Mr. Bunzel has owned and operated Bunzel's Market, including setting its human resources and pay practices and policies applicable to Plaintiff McKenzie.

11. Defendants have employed more than two employees at all times since November 24, 2017.

12. Bunzel's Market has had gross sales in excess of $500,000.00 in each year since 2017.

13. Plaintiff McKenzie has worked for Defendants as an employee in the catering department at times since November 24, 2017.

14. While employed for Defendants since November 24, 2017, Plaintiff McKenzie's job duties included assembling sandwich and other platters for catering orders placed by Defendants' customers.

15. From roughly November 24, 2017 until March 1, 2020, Defendants paid Plaintiff McKenzie a flat weekly salary ranging from $520 to $550 per week.

16. Prior to November 24, 2017, Defendants paid Plaintiff McKenzie on an hourly basis ranging between $12 and $14 per hour.

17. On or around March 1, 2020, Defendants began paying Plaintiff McKenzie on an hourly basis of roughly $13 per hour and reduced Plaintiff's work hours to 40 per workweek.

18. On or around March 7, 2020, Defendants terminated Plaintiff McKenzie's employment with Defendants.

19. Between November 24, 2017 and March 1, 2020, Defendants regularly suffered or permitted Plaintiff McKenzie to work in excess of forty hours in a workweek.

20. Between November 24, 2017 and March 1, 2020, Defendants knew that Plaintiff McKenzie worked in excess of forty hours per workweek because Defendants set her work schedule and observed her working that schedule.

21. Between roughly November 24, 2017 and March 1, 2020, Plaintiff McKenzie worked a regular schedule of roughly 55 hours per workweek.

22. Between roughly November 24, 2017 and March 1, 2020, Plaintiff McKenzie's regular work schedule for Defendants was approximately 6 a.m. to 5 p.m. on Monday, Wednesday, Thursday, Friday, and Saturday of each workweek.

23. At all times while paying Plaintiff McKenzie a flat weekly salary since November 24, 2017, Defendants failed to pay Plaintiff McKenzie additional overtime premium compensation for the hours that she worked in excess of forty in a given workweek.

24. As an illustrative example, Plaintiff worked her regular 55-hour schedule during the workweek between March 10, 2019 and March 16, 2019 but was paid only her flat, weekly salary of $520.00 by Defendants without any additional overtime compensation.

25. As another illustrative example, Plaintiff worked her regular 55-hour schedule during the workweek between May 5, 2019 and May 11, 2019 but was paid only her flat, weekly salary of $550.00 by Defendants without any additional overtime compensation.

26. Defendants informed Plaintiff that she did not have to record her work hours each workday around the time that Defendants began paying employee a flat, weekly salary.

27. Defendants have failed to keep accurate records of Plaintiff McKenzie's hours worked in each workweek since November 24, 2017 in violation of the FLSA and Wisconsin law.

28. As a result of the foregoing, Defendants have failed to properly compensate Plaintiff McKenzie at one and one-half times her regular rates of pay for all hours worked in excess of forty in a workweek in violation of the FLSA and in violation of Wisconsin law at times since November 24, 2017.

29. Defendants conduct, as set forth in this complaint, was willful, dilatory, unjust, and in bad faith, and has caused significant damages to Plaintiff McKenzie.

## FIRST CLAIM FOR RELIEF
### Violations of the Fair Labor Standards Act – Unpaid Overtime Wages

30. Plaintiff McKenzie reasserts and incorporates by reference all preceding paragraphs as if restated herein.

31. Since Plaintiff McKenzie has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §201 *et. seq*.

32. Since November 24, 2017, Bunzel's Market has been and continues to be an enterprise engaged in commerce within the meaning of 29 U.S.C. §203(s)(1).

33. At times since November 24, 2017, Plaintiff McKenzie has been an employee within the meaning of 29 U.S.C. § 203(e).

34. At times since November 24, 2017, Bunzel's Market has been an employer of Plaintiff McKenzie as provided under 29 U.S.C. § 203(d).

35. At times since November 24, 2017, Mr. Bunzel has been an employer of Plaintiff McKenzie as provided under 29 U.S.C. § 203(d).

36. At times since November 24, 2017, Defendants have violated the FLSA by failing to pay overtime compensation due to Plaintiff McKenzie for each hour worked in excess of forty hours in any given workweek.

37. Plaintiff McKenzie is entitled to damages equal to mandated overtime premium pay for all hours worked over forty in given workweek within the three years prior to the filing of this Complaint, plus periods of equitable tolling because Defendants acted willfully and knew or showed reckless disregard for whether its conduct was prohibited by the FLSA.

38. Defendants' failure to properly compensate Plaintiff McKenzie was willfully perpetrated and Plaintiff McKenzie is therefore entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay due pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b).

39. Alternatively, should the Court find that Defendants did not act willfully in failing to pay overtime premium wages, Plaintiff McKenzie is entitled to an award of pre-judgment interest at the applicable legal rate.

40. Pursuant to 29 U.S.C. § 216(b), Plaintiff McKenzie is entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting this action for unpaid overtime wages.

## SECOND CLAIM FOR RELIEF
### Violations of Wisconsin Law – Unpaid Overtime Wages

41. Plaintiff McKenzie re-alleges and incorporates by reference all preceding paragraphs as if restated herein.

42. At times since November 24, 2018, Plaintiff McKenzie has been an employee within the meaning of Wis. Stat. §§ 109.01 *et seq.*

43. At times since November 24, 2018, Plaintiff McKenzie has been an employee within the meaning of Wis. Stat. §§ 103.001 *et seq.*

44. At times since November 24, 2018, Plaintiff McKenzie has been an employee within the meaning of Wis. Stat. §§ 104.001 *et seq.*

45. At times since November 24, 2018, Plaintiff McKenzie has been an employee within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

46. At times Since November 24, 2018, Plaintiff McKenzie has been an employee within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

47. Since November 24, 2018, Bunzel's Market has been an employer within the meaning of Wis. Stat. §§ 109.01 *et seq.*

48. Since November 24, 2018, Bunzel's Market has been an employer within the meaning of Wis. Stat. §§ 103.001 *et seq.*

49. Since November 24, 2018, Bunzel's Market has been an employer within the meaning of Wis. Stat. §§ 104.001 *et seq.*

50. Since November 24, 2018, Bunzel's Market has been an employer within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

51. Since November 24, 2018, Bunzel's Market has been an employer within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

52. Since November 24, 2018, Mr. Bunzel has been an employer within the meaning of Wis. Stat. §§ 109.01 *et seq.*

53. Since November 24, 2018, Mr. Bunzel has been an employer within the meaning of Wis. Stat. §§ 103.001 *et seq.*

54. Since November 24, 2018, Mr. Bunzel has been an employer within the meaning of Wis. Stat. §§ 104.001 *et seq.*

55. Since November 24, 2018, Mr. Bunzel has been an employer within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

56. Since November 24, 2018, Mr. Bunzel has been an employer within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

57. At times since November 24, 2018, Bunzel's Market has employed Plaintiff McKenzie within the meaning of Wis. Stat. §§ 109.01 *et seq.*

58. At times since November 24, 2018, Bunzel's Market has employed Plaintiff McKenzie within the meaning of Wis. Stat. §§ 103.001 *et seq.*

59. At times since November 24, 2018, Bunzel's Market has employed Plaintiff McKenzie within the meaning of Wis. Stat. §§ 104.01 *et seq.*

60. At times since November 24, 2018, Bunzel's Market has employed Plaintiff McKenzie within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

61. At times since November 24, 2018, Bunzel's Market has employed, Plaintiff McKenzie within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

62. At times since November 24, 2018, Mr. Bunzel has employed Plaintiff McKenzie within the meaning of Wis. Stat. §§ 109.01 *et seq.*

63. At time since November 24, 2018, Mr. Bunzel has employed Plaintiff McKenzie within the meaning of Wis. Stat. §§ 103.001 *et seq.*

64. At times since November 24, 2018, Mr. Bunzel has employed Plaintiff McKenzie within the meaning of Wis. Stat. §§ 104.01 *et seq.*

65. At times since November 24, 2018, Mr. Bunzel has employed Plaintiff McKenzie within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

66. At times since November 24, 2018, Mr. Bunzel has employed Plaintiff McKenzie within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

67. Since November 24, 2018, Plaintiff McKenzie have regularly performed work in excess of forty hours per workweek while employed by Defendants without receiving compensation at one and one-half times their regular rates of pay for such hours worked.

68. At times since November 24, 2018, Defendants have had a practice and policy of failing to properly pay Plaintiff McKenzie overtime wages for all hours worked in excess of forty in a given workweek.

69. Wis. Stat. §109.03 requires payment of all wages earned by the employee to a day not more than 31 days prior to the date of payment.

70. The foregoing conduct of Defendants, as alleged above, constitutes continuing, willful violations of Wisconsin's law requiring the payment of overtime wages.

71. As set forth above, Plaintiff McKenzie has sustained losses in her compensation as a proximate result of Defendants' violations. Accordingly, Plaintiff McKenzie seeks damages in the amount of her respective unpaid overtime

compensation and such other legal and equitable relief as the Court deems just and proper.

72. Under Wis. Stat. § 109.11, Plaintiff McKenzie is entitled to civil penalties equal and up to fifty percent of their unpaid overtime wages.

73. Under Wis. Stat. § 109.03(6), Plaintiff McKenzie is entitled to recovery of attorneys' fees and the costs incurred in this action to be paid by Defendants.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff McKenzie hereby respectfully requests the following relief:

a) An Order finding that Defendants violated the overtime provisions of the FLSA and Wisconsin wage and hour law;

b) An Order finding that these violations were willful;

c) Judgment against Defendants in the amount equal to Plaintiff McKenzie's unpaid wages at the applicable overtime premium rates;

d) An award in the amount of all liquidated damages and civil penalties as provided under Wisconsin Law and the FLSA;

e) An award in the amount of all costs and attorneys' fees incurred prosecuting these claims as well as pre-judgment and post-judgment interest; and

f) Such further relief as the Court deems just and equitable.

## REQUEST FOR JURY TRIAL

Plaintiff McKenzie requests a trial by jury on all applicable issues of fact and law as provided by law.

Dated this 24th day of November 2020.

                                        Respectfully submitted,

*s/ Timothy P. Maynard*
Larry A. Johnson, WI SBN 1056619
Summer H. Murshid, WI SBN 1075404
Timothy P. Maynard, WI SBN 1080953

Hawks Quindel, S.C.
222 E Erie Street, Suite 210
Milwaukee, WI 53202
(414) 271-8650 (office)
(414) 271-8442 (facsimile)
Email: ljohnson@hq-law.com
        smurshid@hq-law.com
        tmaynard@hq-law.com

Counsel for Plaintiff